# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| P.H. GLATFELTER COMPANY, | : | No: 1:19-cv-02215 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. Jennifer P. Wilson |
| v. | : | |
| | : | |
| | : | |
| BABCOCK & WILCOX POWER GENERATION GROUP, INC., f/k/a THE BABCOCK & WILCOX COMPANY, n/k/a, BABCOCK & WILCOX ENTERPRISES, INC., | : | ELECTRONICALLY FILED |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MOTION TO DISMISS COUNTS II THROUGH V AND CERTAIN DAMAGES OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), The Babcock & Wilcox Company ("Babcock"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Counts II through V of the Complaint filed by P.H. Glatfelter Company ("Glatfelter"), moves to dismiss and strike certain of Glatfelter's demands for damages, and moves to dismiss Babcock &

Wilcox Enterprises, Inc. as a party in this case, and in support thereof states as follows:

## I.     **PRELIMINARY STATEMENT**

This case arises out of a contract (the "Agreement") to overhaul the antiquated infrastructure of Glatfelter's now-divested paper mill in Spring Grove, Pennsylvania (the "Spring Grove Facility").  Glatfelter engaged Babcock to replace three coal-fired boilers at the Spring Grove Facility, which had been in place for a hundred years, with two new natural gas-fired boilers to comply with EPA regulations, at a total Purchase Price of $11,705,601.  The Agreement, contemplating the difficulties and uncertainties inherent in the project, lays out detailed steps to be completed through the parties' mutual cooperation, along with testing and troubleshooting to be undertaken, as may be necessary, after installation of the boilers.  Notably, reflecting the parties' awareness of the uncertainties and complexities inherent in this project, they also explicitly agreed to limit the liability of either party for any claim arising from the project to $11,705,601.

Glatfelter acknowledges that the boilers were installed and operational before the EPA deadline.  Babcock fulfilled its post-installation responsibilities and cooperated fully with Glatfelter to address any alleged issues as they arose in the

commissioning of the boilers. Glatfelter, however, lost interest in troubleshooting any alleged issues with the boilers after it arranged to move its headquarters to Charlotte, North Carolina, and sold the Spring Grove Facility to a private equity firm in 2018. Rather than cooperate to resolve any alleged remaining issues as required by the Agreement, Glatfelter filed the instant action, seeking nearly $60 million in alleged damages—well in excess of the liability cap of $11,705,601 that the parties expressly agreed to in the Agreement.

Each of Glatfelter's claims arises out of Babcock's alleged failure to perform under the Agreement—the dispute is entirely one of contract. Nonetheless, in addition to a breach of contract claim (Count I), Glatfelter asserts claims for fraud, negligent misrepresentation, promissory estoppel, and unjust enrichment, and seeks damages that are expressly barred under the Agreement. Counts II through V of the Complaint, and most of Glatfelter's damages demand, fail as a matter of law. Accordingly, Counts II through V of the Complaint should be dismissed with prejudice, and the damages claim should be dismissed to the extent it is barred by the Agreement, and the related language of the Complaint should be stricken, as requested in this Motion.[1]

---

[1] Babcock will submit its Brief in Support of this Motion to Dismiss in accordance with Middle District of Pennsylvania Local Rule of Court 7.5.

## II.     GROUNDS FOR DISMISSAL

### A.     Counts II (Fraud) And III (Negligent Misrepresentation) Are Barred As A Matter Of Law Due To The Entire Agreement Clause In The Agreement.

1. Babcock's Preliminary Statement, above, is incorporated as though fully set forth herein.

2. On December 27, 2019, Glatfelter filed its Complaint (Dkt. 1) against Babcock, attaching to it the Agreement between the parties and portions of certain exhibits to the Agreement (Dkt. 1-2).

3. Counts II and III of Glatfelter's Complaint purport to assert claims labeled, respectively, Fraud and Negligent Misrepresentation.

4. The Agreement includes a Priority of Documents clause and an Entire Agreement clause (*i.e.*, an integration clause) that expressly state that the Agreement constitutes the entire agreement of the parties and supersedes all prior writings, agreements, discussions, or understandings.  Further, these clauses provide that no term stated in any proposal, acceptance, or acknowledgment is binding unless it appears in the Agreement.  (Agreement, Dkt. 1-2, §§ 2(C) and 38).

5. Glatfelter's fraud and negligent misrepresentation claims are based on purported false representations made during the bidding and negotiation process

prior to execution of the Agreement, which Glatfelter alleges induced it to select Babcock to perform the work under the Agreement.

6. Thus, on their face, Glatfelter's fraud and negligent misrepresentation claims aver fraud or misrepresentations in the inducement of the contract.

7. Pennsylvania law governs the Agreement and all disputes arising under it.  (Agreement, Dkt. 1-2, § 33).

8. Under Pennsylvania law, the presence of an integration clause calls for application of the parol evidence rule, which as a matter of law bars any and all evidence of oral representations made prior to the execution of the contract.

9. The false representations alleged in the Complaint were not incorporated into the Agreement.

10. Accordingly, Glatfelter's fraud and negligent misrepresentation claims fail as a matter of law and must be dismissed with prejudice.

    **B.**    **Count II (Fraud) Is Barred As A Matter Of Law For Failure To Be Pled With The Particularity Required By Federal Rule Of Civil Procedure 9(b).**

11. Paragraphs 1 through 10, above, are incorporated as though fully set forth herein.

12.     Whether styled as Fraud in the Inducement or Fraud, Glatfelter's Count II must comport with the pleading requirements of Federal Rule of Civil Procedure 9(b).

13.     Federal Rule of Civil Procedure 9(b) and its interpretative case law require that the party alleging fraud must state with sufficient particularity the circumstances constituting fraud or mistake, so as to place the defendant on notice of the precise conduct with which it is charged.

14.     To satisfy the particularity requirement of Rule 9(b), a plaintiff must include allegations of the date, time, and place of the alleged fraud, or include allegations that provide some alternative means of injecting precision and a measure of substantiation into the pleading.

15.     With respect to its fraud claim, Glatfelter has pleaded—in totality—the bare conclusory allegations that, during the bidding process, Babcock made false representations that it would build the boilers in one location and actually built them elsewhere, and that Babcock allegedly misrepresented its experience constructing certain types of boilers.  Glatfelter fails to identify the who, what, where, when, and how of the alleged misrepresentations.

16.     Glatfelter's fraud claim, therefore, lacks the particularity demanded under Rule 9(b) of the Federal Rules of Civil Procedures and must be dismissed.

### C. Counts II And III Are Barred As A Matter of Law Under The Gist Of The Action Doctrine.

17. Paragraphs 1-16, above, are incorporated as though fully set forth herein.

18. All of Babcock's duties and obligations to Glatfelter arise out of the contractual relationship between the parties, which is governed solely by the Agreement.

19. Glatfelter's allegations about Babcock's performance arise out of the contractual relationship between the parties.

20. Under Pennsylvania law, a plaintiff may not bring a tort claim in place of or in addition to a breach of contract claim where the claim truly sounds in contract.

21. The Agreement addresses Babcock's performance and provides Glatfelter its sole remedies for any non-performance.

22. Glatfelter has impermissibly restyled a pure contract claim as fraud and negligent misrepresentation claims.

23. Accordingly, Glatfelter's tort claims are barred as a matter of law by the gist of the action doctrine and should be dismissed with prejudice.

    **D.**    **Counts II And III Are Barred As A Matter Of Law Under The Economic Loss Doctrine.**

24. Paragraphs 1-23, above, are incorporated as though fully set forth herein.

25. Glatfelter's claims arise solely under the Agreement and its remedies, including damages are governed solely by the Agreement.

26. Under Pennsylvania law, a plaintiff may not recover in tort economic losses to which any entitlement flows only from a contract.

27. Glatfelter seeks only monetary damages arising out of Babcock's alleged poor performance of its duties and obligations to supply and install the two boilers.

28. Accordingly, Glatfelter's tort claims are barred as a matter of law by the economic loss doctrine and should be dismissed with prejudice.

    **E.**    **Counts IV (Promissory Estoppel) And V (Unjust Enrichment) Fail As A Matter of Law.**

29. Paragraphs 1-28, above, are incorporated as though fully set forth herein.

30. The parties' relationship is contractual and is governed by the Agreement.

31. Under Pennsylvania law, the quasi-contractual claim of promissory estoppel fails where an enforceable contract governs the parties' relationships.

32. Similarly, under Pennsylvania law, the equitable claim of unjust enrichment fails where an enforceable contract governs the parties' relationships.

33. Accordingly, Glatfelter's promissory estoppel and unjust enrichment claims fail as a matter of law and should be dismissed with prejudice.

**F.   Glatfelter's Damages Claims Are Nearly All Barred By The Express Limitations Of The Agreement**

34. Paragraphs 1-33, above, are incorporated as though fully set forth herein.

35. The Agreement defines the Purchase Price as "the total price to be paid by Glatfelter to [Babcock]) for the Work as set forth in Exhibit B attached here [to the Agreement] and incorporated by reference."  (Agreement, Dkt. 1-2, § 1(M)).

36. Exhibit B, in turn, sets forth $11,705,601 as the total price to be paid to Babcock, *i.e.,* the Purchase Price. (Agreement, Dkt.1-2, Exhibit B-2A).

37. Consistent with the Purchase Price set forth in the Agreement, Glatfelter expressly pleads that the Purchase Price is $11,705,601.  Compl. ¶ 37.

38. Paragraph 29 of the Agreement, entitled "Limitation of Liability," expressly limits the damages Glatfelter may recover in this matter.

39. The Limitation of Liability provision states:

> WITH THE EXCEPTION OF DAMAGES ARISING FROM BREACHES OF CONFIDENTIALITY UNDER ARTICLE 26, IN NO EVENT SHALL A PARTY BE LIABLE TO THE OTHER FOR ANY INCIDENTAL, SPECIAL, CONSEQUENTIAL, PUNITIVE OR EXEMPLARY DAMAGES OR LOSS OF PROFITS, NON-OPERATION OR INCREASES EXPENSE OF OPERATION, … LOSS OF USE OF CAPITAL OR REVENUE … ARISING OUT OF, OR IN CONNECTION WITH, THE AGREEMENT OR ANY PART THEREOF," and
>
> IN NO EVENT SHALL [BABCOCK'S] AGGREGATE LIABILITY FOR ANY CLAIM, WHETHER ARISING OUT OF TORT … OR ANY OTHER LEGAL OR EQUITABLE THEORY WHATSOEVER, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT EXCEED THE PURCHASE PRICE."
>
> EXCEPT FOR CLAIMS OF THIRD PARTIES. . . IN NO EVENT, SHALL GLATFELTER'S LIABILITY FOR ANY CLAIM OF NEGLIGENCE … OR ANY OTHER LEGAL OR EQUITABLE THEORY WHATSOEVER ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT EXCEED THE PURCHASE PRICE.

(Agreement, Dkt. 1-2, § 29).

40. As is evident from its language, the Limitation of Liability provision expressly excludes incidental, indirect, special, and consequential damages and, further, caps Babcock's aggregate liability at the Purchase Price of $11,705,601.

41. Despite these clearly stated limitations, Glatfelter's Complaint demands a wide range of damages, totaling approximately $60 million, much of which fall within categories of damages that the Agreement expressly identifies as

unrecoverable.  Moreover, they are far in excess of the Purchase Price.  Compl. ¶¶ 91-92.

42. Accordingly, Glatfelter's damages demand in excess of the Purchase Price and beyond direct damages should be dismissed under Fed. R. Civ. P. 12(b)(6) and stricken under Fed. R. Civ. P. 12(f), on the grounds that they are contractually barred as a matter of law, and Glatfelter's claims for damages should be limited by Order of the Court to contractually permitted damages of no greater than the contractual Purchase Price of $11,705,601.

### G. Babcock & Wilcox Enterprises, Inc. Is Not A Contracting Party And Should Be Dismissed From the Case

43. Paragraphs 1-42 are incorporated as though fully set forth herein.

44. Glatfelter has improperly named Babcock & Wilcox Enterprises, Inc. as a defendant under the mistaken belief that "The Babcock & Wilcox Company" is "now known as Babcock & Wilcox Enterprises, Inc." Compl. p.1.  As Babcock & Wilcox Company has already explained to Glatfelter's counsel, in June 2015 Babcock & Wilcox Power Generation Group, Inc.—the signatory to the Agreement—changed its name to The Babcock & Wilcox Company.  Thus, Babcock & Wilcox Company is the contractual counterparty to Glatfelter, and is a subsidiary of Babcock & Wilcox Enterprises, Inc, a separate entity which has no contractual relationship with Glatfelter.  This is evidenced in corporate and SEC

filings of which the Court can properly take judicial notice at the motion to dismiss stage. In the event the parties are unable to agree to a stipulation amending the case caption, the Babcock & Wilcox Company will also seek to have Babcock & Wilcox Enterprises, Inc. dismissed from this action.

WHEREFORE, for the reasons set forth above and in the Brief to be filed in support of this Motion, Defendant The Babcock & Wilcox Company respectfully requests that the Court issue an Order in substantially the form submitted herewith, dismissing Counts II through V of Plaintiff's Complaint with prejudice, dismissing Plaintiff's claims for damages that are barred by the Agreement, striking Paragraphs 91 and 92 of the Complaint and further ordering that Plaintiff's claims for damages shall be limited to contractually permitted damages of no greater than the contractual Purchase Price of $11,705,601, and dismissing Babcock & Wilcox Enterprises, Inc. from the case.

Respectfully submitted,

*/s/ Bridget E. Montgomery*
Bridget E. Montgomery, Esquire (PA ID 56105)
ECKERT SEAMANS CHERIN &
  MELLOTT, LLC
213 Market Street, 8th Floor
Harrisburg, PA  17101
Telephone:   717.237.6054
Facsimile:   717.237.6019
Email:   bmontgomery@eckertseamans.com

        R. Brian Timmons, Esq. (*admitted PHV*)
Rollo C. Baker, Esq. (*admitted PHV*)
Brian Campbell, Esq. (*admitted PHV*)
Jessie Ratcliffe, Esq. (*admitted PHV*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone:  (212) 849 7000
Facsimile:  (212)
briantimmons@quinnemanuel.com
rollobaker@quinnemanuel.com
briancampbell@quinnemanuel.com
jessieratcliffe@quinnemanuel.com

Date:  March 16, 2020    *Attorneys for Defendant The Babcock & Wilcox Company*

13

## **CERTIFICATE OF NON-CONCURRENCE**

I hereby certify that the undersigned counsel for Defendant contacted counsel for Plaintiff to request concurrence in the foregoing Motion, and counsel for Plaintiff indicated that Glatfelter does not concur in the Motion.

/s/ *Bridget E. Montgomery*
Bridget E. Montgomery, Esquire

*Counsel for Defendant The Babcock & Wilcox Company*

# CERTIFICATE OF SERVICE

I certify that on this 16th day of March, 2020, I delivered a copy of the foregoing Defendant's Motion to Dismiss Counts II Through V and Certain Damages of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) upon the persons indicated below, via this Court's ECF system and/or United-States First-Class mail which service satisfies the requirements of the Federal Rules of Civil Procedure.

Daniel E. Rhynhart, Esquire<br>
Stephanie C. Chomentowski, Esquire<br>
Melanie S. Carter, Esquire<br>
BLANK ROME LLP<br>
One Logan Square<br>
Philadelphia, PA  19103

*Attorneys for Plaintiff*

/s/ *Bridget E. Montgomery*
Bridget E. Montgomery, Esquire

*Counsel for Defendant The Babcock & Wilcox Company*

{L0863471.1}