IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| P. H. GLATFELTER COMPANY, : | |
| : | |
| Plaintiff, : | Civil Action No: |
| v. : | 1:19-cv-02215-JPW |
| : | |
| BABCOCK & WILCOX POWER : | |
| GENERATION GROUP, INC., f/k/a THE : | |
| BABCOCK & WILCOX COMPANY, n/k/a : | |
| BABCOCK & WILCOX ENTERPRISES, : | |
| INC., : | |
| : | |
| Defendants. | |

**STIPULATED AMENDMENT TO PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

AND NOW, on this _____ day of _____, 2021, it is hereby ORDERED and DECREED by the Court, on the Joint Motion of all of the parties, as follows:

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings and have agreed upon the treatment of Confidential Information through a Stipulated Protective Order Regarding Confidential Information submitted to this Court on July 2, 2020 with the Parties' Joint Case Management Plan ("Stipulated Protective Order", Doc. No. 26);

WHEREAS, in furtherance of the parties' efforts to resolve a discovery dispute regarding scope of certain Confidential Information requested by Babcock & Wilcox Power Generation Group ("Babcock") to be produced by P. H. Glatfelter

Company ("Glatfelter"), the parties now agree that certain Confidential Information sought by Babcock in discovery and to be produced by Glatfelter, without admission as to relevance or admissibility, requires the designation of Attorneys' Eyes Only;

WHEREAS, the Stipulated Protective Order does not include a designation of Attorneys' Eyes Only; and

WHEREAS, the parties agree to amend the Stipulated Protective Order to provide for the designation of Attorneys' Eyes Only.

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the respective parties hereto, subject to further Order of the Court, that:

1. Any documents, material or information to be designated "Attorneys' Eyes Only" may be so designated by stamping the documents, material or information with the legend "ATTORNEYS' EYES ONLY" prior to their production.

2. The parties agree that any document, or contents of a document, designated "Attorneys' Eyes Only" shall have the same treatment and conditions as documents or contents of documents designated "Confidential," with the additional condition that the "Attorneys' Eyes Only" designation indicates that documents so designated can be viewed only by:

(a) attorneys at Quinn Emanuel Urquhart & Sullivan, LLP who are involved in this Litigation and the paralegal, clerical, and secretarial staff employed by such counsel;

(b) Eric Stecz, in-house counsel at Babcock;

(c) Experts as set forth in paragraph 5(e) of the Stipulated Protective Order;

(d) The Court and Court reporters as set forth in paragraphs 5(a) and 5(c) of the Stipulated Protective Order;

(e) Any witness as set forth in paragraph 5(d) of the Stipulated Protective Order, with the additional requirement that the witness signs an Exhibit A certification form to the Protective Order, or, if the witness refuses to sign such a certification, he, she, or they will be provided with a copy of the Protective Order;

(f) In the case of documents, any person who authored or received the document(s) with the conditions set forth in paragraph 5(g) of the Stipulated Protective Order;

(g) Any special master, mediator or arbitrator as set forth in paragraph 5(h) of the Stipulated Protective Order;

(h) clerical and litigation support personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting,

storing, retrieving, and review of Discovery Material designated "Attorneys' Eyes Only," to the extent reasonably necessary to assist the persons identified in paragraph 7(a) of the Protective Order with respect to the Litigation; and

(i) Any other person as to whom the producing party agrees in writing prior to disclosure.

3. A producing party may designate as "Attorneys' Eyes Only" only material or other information that the Producing Party in good faith reasonably believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the designating party. Notwithstanding the forgoing, in efforts to resolve a discovery dispute concerning scope of certain information requested by Babcock, Glatfelter has agreed to produce certain Confidential Information requested by Babcock under the designation of "Attorneys' Eyes Only" and without admission of relevance or admissibility.

4. All provisions of the Parties' Stipulated Protective Order, submitted to the Court on July 2, 2020 at Doc. No. 26 remain in full force and effect.

5. All of the parties are bound by the terms of this Stipulated Amendment to the Stipulated Protective Order, and this Amendment, as well the Stipulated Protective Order, may not be modified in any manner, except by the written consent of each and all of the parties.

Respectfully submitted,

| **BLANK ROME LLP** | **ECKERT SEAMANS CHERIN & MELLOTT, LLC** |
|---|---|
| BY:   *s/ Stephanie C. Chomentowksi*<br>Daniel E. Rhynhart<br>Stephanie C. Chomentowski<br>Melanie S. Carter<br>One Logan Square, 130 N. 18th Street<br>Philadelphia PA 19103<br><br>*Attorneys for P. H. Glatfelter Company*<br><br>Date: Dec. 28, 2021 | BY:  *s/ Bridget E. Montgomery*<br>Bridget E. Montgomery<br>213 Market Street, 8th Floor<br>Harrisburg, PA 17101<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>R. Brian Timmons<br>Rollo C. Baker<br>Brian Campbell<br>Jessie Ratcliffe<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br><br>*Attorneys for Defendants*<br><br>Date: Dec. 28, 2021 |

SO ORDERED BY THE COURT:

_____
THE HONORABLE JENNIFER P. WILSON